VENETIAN HARBOR, INC., et al., Defendant—Appellant,

v.

WATERWAY INVESTMENTS, L.L.C., Defendant—Appellee.

No. 04–2122.

United States Court of Appeals, Eighth Circuit.

Submitted Jan. 11, 2005.

Decided March 10, 2005.

Donald W. Crank, Clayton, MO, Joel D. Brett, John R. Hamill, III, Barklage & Brett, St. Charles, MO, for Defendants–Appellees.

Before LOKEN, Chief Judge, MORRIS SHEPPARD ARNOLD and MURPHY, Circuit Judges.

PER CURIAM.

This litigation began in a Missouri state court when First State Bank of St. Charles, a secured creditor of the Venetian Harbor marina, petitioned to recover insurance policy proceeds payable on account of windstorm damage to Venetian Harbor's floating docks on the Mississippi River. The United States, a named defendant, removed the case to federal court, asserting a claim to the policy proceeds by reason of tax liens filed against Venetian Harbor. Lloyds of London, the insurer, filed an interpleader motion and paid the policy proceeds into court. The Bank and Waterway Investments, L.L.C., a competing secured creditor, filed motions for summary judgment. The United States filed a response in which it "concedes that it does not have priority to the interpled funds." The district court[1] then issued a Memorandum and Order concluding that the docks were fixtures attached to real

---

1. The HONORABLE CATHERINE D. PERRY, United States District Judge for the Eastern District of Missouri.

property and that Waterway Investments is therefore entitled to the insurance proceeds. The court further concluded that the owners of Venetian Harbor "have no right to recover."

The owners of Venetian Harbor appeal, arguing only an issue they apparently did not raise in the district court. Once the United States disclaimed an interest in the insurance proceeds, they argue, the district court lost subject matter jurisdiction and was therefore required to remand the case to state court. This contention is without merit. The United States never relinquished its claim against the insurance proceeds. It simply conceded that the priority of its claim as federal tax lienholder was inferior to the priority of the claims by two other Venetian Harbor secured creditors, the Bank and Waterway Investments. Thus, the district court had jurisdiction, both when the case was removed and when the court issued its final Memorandum and Order.

The judgment of the district court is affirmed.